BEERKLE & BITNER v. EDWARDS ET AL.

1. VERDICT: EVIDENCE CONSIDERED.

*Appeal from Union Circuit Court.*

THURSDAY, MARCH 24, 1881.

ACTION upon an account for meat sold by the plaintiffs and delivered to defendant Edwards. The petition avers in substance, that it was sold both to the defendant Edwards and the defendant Ettier. Edwards made default; Ettier appeared and denied the allegations of the petition. There was a trial by jury, and verdict and judgment were rendered for the plaintiffs. The defendant Ettier appeals.

*Geo. P. Wilson* and *T. B. Stuart*, for appellant.

*Copenheffer & Denning*, for appellees.

ADAMS CH., J.—While the petition, as we have stated, avers in substance that the meat was sold to both defendants, and the court charged the jury that such was the plaintiffs' claim, it is proper that we should say that the plaintiffs filed an amended petition in which they slightly shifted the ground of their claim, averring that the sale was made to Edwards for the use and benefit of himself and Ettier, and averring also that Ettier, by parol, agreed to pay for the meat. The appellant moved to set aside the verdict upon the ground that it is not sustained by the evidence, and assigns as error that the court erred in overruling the motion,

It appears to us that the evidence shows conclusively that the meat was sold to Edwards alone, and that Ettier acquired no use of it or beneficial interest in it. Edwards was keeping a boarding house and the meat was sold and delivered to him upon his application, and with the understanding that it was to be used by him alone in his boarding house, as in fact it was used, and he alone was charged with it upon the plaintiffs' books. Not only was he charged with it but sued for it in this action, and judgment for it has

been obtained against him. The only pretense, so far as we can discover, for saying that Ettier acquired the use of, or a beneficial interest in, the meat is based upon the ground that Ettier, as an attorney at law, held certain claims against Edwards which he had been employed to collect, and it was talked and understood between him and the plaintiffs that the furnishing of meat by them to Edwards, so as to enable him to run his boarding house, would facilitate Ettier in collecting the claims which he had been employed to collect. But that certainly did not give Ettier such interest in the meat as to constitute him joint purchaser.

. The counsel for the plaintiffs, indeed, do not seem seriously to insist that it did. Their argument is mainly directed to to the question of fact as to whether Ettier agreeed to pay for the meat. This question of fact we do not deem it important to discuss. Both the petition and evidence show that the agreement, if made, was by parol, and if it was a mere agreement to pay Edwards' debt it cannot be sustained.

But we understand plaintiffs' counsel to insist that it was not merely Edwards' debt: that Edwards had furnished to Ettier the means of paying the debt, and in consideration thereof Ettier had agreed to pay it in such sense that Ettier had made the debt his own.

The most that the evidence shows in this respect is that Edwards was in the employ of a railroad company; that he expected certain wages would be due him from the company; that he entered into a contract with Ettier whereby he undertook to assign to Ettier his prospective wages to be applied on the claims which Ettier held for collection; that it was expected that there would be some surplus, and under that expectation he promised plaintiffs to pay them for the meat. But there is no pretense that any money came into his hands which under the agreement, even if it had been in writing, he would have been bound to apply on the debt due from Edwards to the plaintiffs. The railroad company it appears was garnished, and the wages due to Edwards from it were for the most part, if not wholly, diverted to other creditors. We discover nothing from the evidence, even under a construction most favorable for the plaintiffs, except an ordinary parol promise to pay the debt of another. In our opinion the verdict cannot be sustained.

REVERSED.